UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2  MITRIS SHARMAINE
     POINTER,

    Defendant.

                         /

CRIMINAL NO. 16-20655

HON. BERNARD A. FRIEDMAN

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, United States Attorney Matthew Schneider and Assistant U.S. Attorney Sara Woodward, respectfully submits this sentencing memorandum. For the reasons stated below, the government recommends a sentence of 135 months. Such a sentence is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

## I.     PROCEDURAL HISTORY

On September 29, 2016, the grand jury returned an indictment charging Defendant Mitris Pointer with (1) conspiracy to engage in sex trafficking; and (2) sex trafficking of Minor Victim One (MV-1). (PSR ¶ 5.)

On October 31, 2017, Defendant entered a guilty plea to conspiracy to engage in sex trafficking of MV-1, pursuant to a plea agreement. (PSR ¶ 9.) The Rule 11 Plea Agreement anticipated a guideline range of 135 to 168 months, based on a total offense level of 31 and a criminal history category III. (Rule 11, R. 46; PSR ¶ 90-92.) The Probation Department calculated the same offense level, but awarded additional criminal history points, which led to a criminal history category IV and a corresponding guideline range of 151 to 188 months. (PSR ¶ 90-92.)

In the Rule 11 Plea Agreement, the parties agreed that if the Court finds that "Defendant's criminal history category is higher than reflected on the attached worksheets," then "the higher guideline range becomes the agreed range." (R. 46, PgID 182.) Accordingly, the agreed guideline range here is 151 to 188 months. But the government believes that a downward departure is warranted, because the Defendant's criminal

history category "over-represents the seriousness of Defendant's criminal history or the likelihood that Defendant will commit other crimes." U.S.S.G §4A1.3(a). Accordingly, the government recommends a sentence of 135 months, the low-end of the guideline range anticipated by the Rule 11 Plea Agreement.

## II.   STATEMENT OF FACTS

In 2014, Defendant met Vincent Forney. From 2014 to late 2015, Defendant and Forney lived in hotels and supported themselves with the proceeds from Defendant's commercial sex dates.

In December 2015, Forney met MV-1, who was 16 years old at the time. Forney told MV-1 that she could make money by having sex with men. (PSR ¶ 14.) Forney brought MV-1 to a hotel in Southfield, where she met Defendant. Together, Forney and Defendant arranged commercial sex dates for MV-1. Forney posted advertisements for MV-1 on Backpage.com, while Defendant instructed MV-1 how to answer the phone and how to perform a "date." Although Forney originally told MV-1 that she would make approximately $800 per night by performing "dates," once MV-1 began to earn money, Forney and Defendant

3

demanded that she give all of the proceeds to them. When MV-1 tried to conceal money from Forney and Defendant, they were violent with her. Once, Forney punched MV-1 in the face with a closed fist. (PSR ¶ 16.) Another time, Defendant punched MV-1, and then Forney and his friend punched and kicked MV-1. (PSR ¶ 18.) One of MV-1's assaults was video recorded and posted on social media. MV-1 worked for Forney and Defendant for approximately two months: December 2015 and January 2016. Defendant knew that MV-1 was under the age of 18. (PSR ¶ 19.)

### III. 18 U.S.C. § 3553

The Supreme Court has noted that, in formulating the sentencing guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338 (2007). While advisory, the Guidelines remain an important factor in fashioning a just sentence. This is because "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350. Moreover, the guidelines "should be the starting point and the initial benchmark" for choosing a defendant's sentence. *Gall v. United States*,

552 U.S. 38, 49 (2007). The starting point here is 151-188 months. However, as explained below, the government believes that a downward departure to 135 months based on Defendant's over-represented criminal history is appropriate.

    a.    **The nature and circumstances of the offense**

Sex trafficking is a serious offense. Congress has set steep penalties for sex traffickers, and for good reason. Sex trafficking of minors is the exploitation of children for profit. Defendant committed the crime of sex trafficking of a minor, and using force/fraud/and coercion to commit this crime. Those crimes have mandatory minimum penalties of 10 and 15 years, respectively. But given Defendant's role in the offense as compared to Forney, the government allowed her to enter a guilty plea to conspiracy to engage in sex trafficking. As a result, Defendant is not subject to a mandatory minimum.

Yet Defendant exploited MV-1's vulnerabilities for her own profit, and when necessary, she and Forney used force and coercion to ensure that MV-1 remained compliant with their demands. The nature and circumstances of Defendant's offense require a significant custodial

sentence. When MV-1 refused to perform commercial sex dates or attempted to keep the proceeds from her dates, Defendant and Forney were physically violent with her.

In her sentencing memorandum, Defendant alleges that she was victimized by Forney. In support of this allegation, Defendant offers a psychological evaluation by Dan O'Neill. (Def. Sent. Memo, Exhibit A.) In the evaluation, Mr. O'Neill reports that Defendant told him that she began prostituting herself in 2008. (Exhibit A, p. 5.) According to Defendant, she met Vincent Forney in 2014, and although Defendant had been working as prostitute for approximately six years, she gave "everything" to Forney "in exchange for attention and drugs." (*Id.*) Defendant also reported that Forney would "beat her if she did not follow his rules." (*Id.*) The government does not have any information corroborating Defendant's allegation that she was exploited or abused by Forney.

### b. The history and characteristics of the defendant

Defendant's prior convictions resulted in a criminal history category of VI. (PSR ¶ 46-48.) However, Defendant appears to have no prior felony

convictions. Defendant has several convictions for larceny and retail fraud (PSR ¶ 39, 40, 41), as well as traffic related convictions (PSR ¶ 42, 43). Defendant's most serious conviction is from January 20, 2016 (assault and battery and interfering with a police investigation, PSR ¶ 45), but the facts underlying this conviction are related to her conviction here, namely, an assault of MV-1. At the time that Defendant trafficked MV-1, she was on probation for retail fraud, and this status gives her an additional two criminal history points. (PSR ¶ 46.)

Where a "defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. §4A1.3(b). Given that Defendant has no prior felony convictions, the government believes that a criminal history category of IV over-represents the seriousness of her criminal history. Defendant has no controlled substance convictions, and her only conviction related to violence was for an assault of MV-1. Because Defendant's crimes against MV-1 is the basis for her federal conviction,

7

the government suggests that the Court grant Defendant a downward departure.

### c. Seriousness of the offense, promotion of respect for the law, and just punishment for the offense

The seriousness of Defendant's crimes cannot be overstated. Together, Defendant and Forney saw the vulnerability of MV-1 and made a conscious decision to exploit her using whatever means necessary to get her to do what they wanted, which was to work as a prostitute and provide all of the proceeds to them. Defendant and Forney profited financially from a young girl, and beat her and assaulted her in order to get her to do what they wanted. The seriousness of Defendant's crimes requires a substantial custodial sentence.

## IV. Conclusion

The government recommends that the Court impose a sentence of 135 months.

        Respectfully submitted,

        MATTHEW SCHNEIDER
        United States Attorney

        s/Sara D. Woodward
        Assistant United States Attorney
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226
        Phone: (313) 226-9180
        E-Mail: sara.woodward@usdoj.gov

Dated: April 12, 2018

## Certificate of Service

I certify that on April 12, 2018, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification of such filing to the following:

Alvin Sallen

s/ *Sara D. Woodward*
Assistant U.S. Attorney
U.S. Attorney's Office